JOHN SCOTT *v.* THOMAS HOOPER.

A person who believes that there is no God, is not a competent witness.

To prove this it is competent to show his settled and previous declarations on the subject.

Though the witness may have been for this reason incompetent, yet if the objection has been removed by a change of views, he should be examined, and whether there has been a change is a question of fact for the county court, and is not matter of error.

ASSUMPSIT, on a promissory note. Plea, *non-assumpsit.* Issue to the country.

On the trial in the county court, the execution of the note declared on was admitted.

The defendant then called Moses Page, as a witness to prove that the note had been paid before the commencement of this suit. The defendant objected to his being sworn, alleging that Page did not believe in the existence of a Supreme Being. To establish this, the defendant introduced testimony proving that Page had, on different occasions, and with apparent seriousness, declared that he did not believe in the existence of a God. These declarations were made by Page several months previously to the time of the trial. The plaintiff proved, by one of the witnesses introduced to establish these facts, that, during the term when this action was tried, Page told the witness that he did not *then* believe there was no Supreme Being. This was said upon Page being informed that the witness would be called upon to testify to Page's previous declarations. From these facts the county court decided that Page could not be sworn as a witness, and, to this decision, after a verdict and judgment for the plaintiff, the defendant excepted.

*S. Wires,* for defendant.

The case presents two questions for the consideration of the court.

1. Whether the disbelief of a witness in the existence of a Supreme Being, renders him incompetent to testify.

It is insisted that it does not. All the authorities upon this point, which tend to sustain that position, it will be observed, make no distinction between a " *disbelief in the ex-*

istence of a God," a "*future state of existence,*" and a "*future state of rewards and punishments.*" Now, to refuse to allow a witness to be sworn, upon the ground that he does not believe in a future state of rewards and punishments, would in this enlightened age, tend too strongly towards a revival of a system of bigotry and superstition which belongs exclusively to by-gone days. There has not, to my knowledge, been any decisions upon that point in this state. It has, however, been decided in Massachusetts that the disbelief of a witness in a future state of existence, did not go to his competency, but to his credibility. *Hunscom* v. *Hunscom,* 15 Mass. R. 177. 3 Bl. Comm. 369.

The ultimate and universal adoption of the principles of religion, does not, and ought not to depend on the effects of a spirit of intolerance, towards that unfortunate (but still, in many instances, respectable) portion of community, who happen to differ with a large part of mankind in this essential particular.

In my humble opinion the final triumph of correct religious principles and consequent overthrow of atheism is not dependent upon the exercise of this, or any other, human power, but upon its own intrinsic merits and its wholesome influences upon the human family.

Then, if religion does not require the aid of the judiciary in this, and similar instances, will it be said that the wholesome administration of justice requires it? I think not. Let this, like all other questions, affecting a man's character, go to his credibility, and the degree of credit that shall be accorded to him depend upon the character he sustains among his fellow men for honesty and truth. There will no longer be any necessity, then, for hypocritically assuming a belief in opinions that have no abiding place with the man, who is unwilling to be driven from the jury box and witness stand.

II. It will not be claimed that, because the witness had once embraced erroneous opinions upon this subject, he could not afterwards change them. The question then arises, whether the testimony in this case proved such a change had taken place? It is insisted that it did.

*H. P. Smith,* for plaintiff.

The case shows that the witness offered by the defendant

did not believe in the existence of a God. This involves a denial or disbelief that divine punishment is the consequence of perjury, and implies a total want of a just sense and regard of the obligation of an oath.

II. All evidence must be given under the sanction of a judicial oath, which the law defines to be a solemn invocation of the vengeance of the Deity upon the witness, if he does not declare the whole truth as far as he knows it. 1 Starkie's Ev. 80. 1 Phil. Ev. 19.

This is the most effectual means devised by law for the developement of truth in judicial investigations, and imposes the strongest obligations upon a witness to tell the truth that human wisdom can devise, and no testimony is entitled to credit in a court of justice, unless given under the sanction of an oath, which comes home to the conscience of the witness, from his belief that perjury will expose him to divine punishment.

III. Hence the rule in which all the authorities concur is, that all persons, who do not believe in the existence of a God, are incompetent and excluded as witnesses, because, from a want of belief, that *obligation* to speak the truth is *wanting*, which the law has appointed as an indispensable security. 1 Starkie's Ev. (2 Am. ed.) 80, 81, and cases cited. Do. 122, note r. 2 Starkie's Ev. 392. 1 Phil. Ev. 16, 17. 1 Swift's Dig. 739. 3 Black. Com. 369, and Christian's notes thereon, in which he says ' he has known a witness rejected and hissed ' out of court who said he doubted the existence of a God,' *Omychund* v. *Barker*, reported 1 Atkyns, 45, and Willes, 549. *Butts* v. *Swartwood*, 2 Cowen, 431. *Matteson's* case cited in 2 Cowen, 433, n. *Jackson* v. *Gridley*, 18 Johns. R. 98. *Strong* v. *Curtis*, 4 Day, 51. *Norton* v. *Ladd*, 4 N. H. R. 444, is a case like the one here submitted. *Atwood* v. *Western*, 2 Conn. R. 2 series, 66, and *Wakefield* v. *Ross*, 5 Mason's R. 16, decided by Judge Story in a case that came before him and the district judge in Rhode Island. This last case is an authorty directly in point. This case is not embarrased with the question whether a person believing in the existence of a God, but not in future punishment, can be a witness.

Nor does the case of Quakers, or persons admitted by statute to testify under affirmation, have any bearing on the

question submitted. They are admitted by statute. And, moreover, the pains and penalties of perjury comprised in the oath of affirmation are not limited to the statute punishment, but extend to divine punishment denounced against bearing false witness.

IV. The open and serious declarations of the witness as to his belief were properly admitted. This is now the only way allowed by law to show the belief of a witness, and the *only* evidence upon which his admissibility is to be decided. 1 Swift Dig. 738. 4 Day's R. 51. *Atwood* v. *Western,* 2 Conn. R. 2 series 66.

V. It having been proved that the witness, several months before the trial, repeatedly and seriously declared his disbelief in the existence of a God, his recantation, at the time and under the circumstances detailed in the bill of exceptions, did not restore his competency. 1 Swift's Dig. 739.

Again the belief of the witness at the time he was called to testify was a question of fact submitted to and decided by the court. To determine the question of fact, the court heard and considered the sayings of the witness, during the term of the court, recited in the exceptions, in connexion with the other testimony on that point, and, from all the evidence introduced, found the fact of his *disbelief,* and thereupon excluded him ; and this being a question of fact, *tried* and *determined* by the *court,* no exception lies upon the ground that the evidence of this fact was or is insufficient.

There is then only one important question arising from the exceptions, namely, is an *atheist* a competent witness in courts of justice ?

To admit such would, rather than promote truth and justice, make the ascertainment of the former more equivocal, and the administration of the latter in courts of law more uncertain. Personal rights would thereby be jeopardized and redress for injuries thereto rendered more precarious.

And I submit whether it would not be a triumph of *atheism* over a most salutary and only rational rule of law, that can be extracted from all the authorities upon this subject.

The opinion of the court was delivered by

BENNETT, J.—The main question in this case has been recently before the court in the case of *Arnold* v. *The Estate*

LAMOILLE,
*April,*
1842.

Scott
*v.*
Hooper.

*of Arnold*, 13 Vt. R. 362, in which it received a very full consideration, and we are well satisfied with that decision. As long as the administration of justice shall continue to be based upon evidence given under the sanction of an oath, by which the witness appeals to the *Supreme Being* for the truth of the evidence which he is about to give, and imprecates the Divine vengeance upon himself, if his testimony be false, so long must he who believes that there is *no God* be held incompetent as a witness; not on account of his religious belief, but rather from the want of it. It would, indeed, be worse than solemn mockery to be engaged in administering an oath to him who can feel no religious obligation.

The common law, the laws of our sister states, and most other civilized countries, require a witness to believe that there is a God, and shall we be called upon to repudiate so conservative a principle? The testimony admitted in the county court to show the witness incompetent was proper. *Tuttle* v. *Gridley*, 18 Johns. R. 103. *Curtis* v. *Strong*, 4 Day R. 51. *Wakefield* v. *Ross*, 5 Mason R. 16, 18, 19, n. It would seem, that the witness should not be interrogated respecting his disbelief in a "Supreme Being."

If the witness, though once incompetent, has so changed his views as to remove the objection, he should be admitted. But this is a question of fact to be decided in the county court, and of the sufficiency of the evidence to show the change, they must judge. It is not matter of error. The county court doubtless thought that a single declaration of the witness, made during the term, and after he was advised that he would be objected to on this account, that he did not then believe that there was no God, was unsatisfactory to show a change in fact of previous settled opinions.

The judgment of the county court is affirmed.