## UNITED STATES v. MILLER et al.

(District Court, W. D. Washington, N. D.    June, 1916.)

No. 3299.

1. WITNESSES ⊜⟼45(1)—COMPETENCY—BELIEF IN DIVINE PUNISHMENT.
    While the rule has been considerably relaxed, nevertheless, under the common law, a witness who does not believe in divine punishment for a false oath is incompetent to testify.
    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 104; Dec. Dig. ⊜⟼45(1).]

2. CRIMINAL LAW ⊜⟼10—COMMON-LAW CRIMES.
    There are no common-law crimes in the United States as a unit.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 8; Dec. Dig. ⊜⟼10.]

3. WITNESSES ⊜⟼45(1)—COMPETENCY—FEDERAL COURT—"COMMON LAW."
    Const. Wash. art. 1, § 2, declares that no person shall be incompetent as a witness or juror in consequence of his opinion on matters of religion, nor may he be questioned touching his religious belief to affect the weight of his testimony; while Rev. St. U. S. § 858, provides that the law of the state in which the court is held shall be the rule of decision as to the competency of witnesses in the courts of the United States, in trials at common law, and in equity and admiralty. In a criminal proceeding by the United States, there was an objection to the competency of a witness on the ground that he did not believe in divine punishment as the result of a false oath. The common law is not a universal system, and there are no common-law crimes in the United States, as a unit. Held, that the term "common law," as used in the expression "in trials at common law," meant trials of civil actions dependent on those principles, maxims, usages, and rules founded on reason, natural justice, and immemorial custom, constituting the common law, and so in a criminal proceeding the rules of the state law as to the competency of witnesses do not govern, and the witness was properly held incompetent under the old common law applicable to the federal courts.
    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 104; Dec. Dig. ⊜⟼45(1).
    For other definitions, see Words and Phrases, First and Second Series, Common Law.]

Proceeding by the United States of America against Melvin B. Miller and others. On objection to competency of witnesses. Objection sustained.

Clay Allen, U. S. Atty., and Winter S. Martin, Asst. U. S. Atty., both of Seattle, Wash.

Charles F. Riddell and W. R. Bell, both of Seattle, Wash., for defendants.

NETERER, District Judge. [1] The government having offered Mr. Kirkland as a witness, and the defendant objecting to the witness being sworn and permitted to testify, on the ground that he does not believe in the existence of a God, who is the rewarder of truth and the avenger of falsehood, the witness was interrogated as to his belief, and he stated:

"I believe there is a creator, a cause for all that we see and all that we hear.

"You do not believe that there is a God who rewards truth and avenges falsehood?

"I think a man gets all his punishment in this world, while he is here."

And in reply to a question by counsel for defendant:

"As a matter of fact, your belief is that the punishment you receive in this world comes from yourself, and from the men in the world. A. Yes. Q. And not from God? A. No; I don't think it comes from God."

In reply to an inquiry as to whether the taking of an oath meant anything to the witness, he shook his head and said it did not mean a great deal to him, and:

"I think I could tell the truth if I never took an oath."

Under the common-law rule a person who does not believe in a God who is the rewarder of truth and the avenger of falsehood cannot be permitted to testify. Thurston v. Whitney et al., 2 Cush. (Mass.) 104; Jones on Evidence, Blue Book, vol. 4, §§ 712, 713. District Judge Wilkin, in Fed. Cas. No. 446, held that the testimony of an atheist is not admissible. In U. S. v. Lee, Fed. Cas. No. 15,586, Circuit Court of the District of Columbia, it was held that a man who does not believe in the existence of a God other than nature or in a future state of existence is not a competent witness. In Wakefield v. Ross, Fed. Cas. No. 17,050, District of Rhode Island, it was held that a person who does not believe in the existence of a God or in a future state of existence is not a competent witness, citing Scott v. Hooper, 14 Vt. 535, and Thurston v. Whitney, supra.

The rigidity of this rule has been somewhat relaxed, and a person has been permitted to testify who believed in the existence of a God, who was the rewarder of truth and the avenger of falsehood, either in this or a future life. This rule did not necessarily imply that a person had to subscribe to his belief in the Christian religion. If a person believes in the existence of a God, who rewards truth and avenges falsehood, either in this or a future life, it is immaterial whether that belief is in accordance with the Christian belief or not. Any religious belief, whatever it may be, which recognizes the usual form of oath administered as invoking Deity to witness its truthfulness, and recognizes that falsehood will be punished, is sufficient.

I know of no cases that will permit a person to qualify as a witness who does not subscribe to some religious belief recognizing a Supreme Being, and who is not moved or impressed by some conscientious scruple with relation to the testimony in its truthfulness or falsity, to be rewarded or avenged in this life or some future life. State v. Wash, 49 La. Ann. 1602, 22 South. 841, 42 L. R. A. (N. S.) 553, and cases cited. And if our form of oath is not binding upon persons of other religious beliefs, the form which is recognized as binding can be administered. A Jew may be sworn on the Pentateuch or Old Testament, with his head covered; a Mohammedan on the Koran; a Gentoo, touching with his hand the foot of a Brahmin or priest of his religion;

a Chinese, by breaking a china saucer. Wharton Criminal Evidence, vol. 1, § 354.

[2, 3] Article 1, § 11, of the Constitution of the state of Washington, provides that:

"No religious qualification shall be required for any public officer; nor shall any person be incompetent as a witness or juror in consequence of his opinion on matters of religion; nor be questioned in any court of justice touching his religious belief to affect the weight of his testimony."

Section 858 of the Revised Statutes of the United States provides that:

"The laws of the state in which the court is held shall be the rules of decision as to the competency of witnesses in the courts of the United States in trials at common law, and in equity and admiralty."

The common law consists of those principles, maxims, usages, and rules founded on reason, natural justice, and an enlightened public policy, deduced from universal and immemorial usage, and receiving progressively the sanction of the courts. Common law is generally used in contradistinction to statute law. Levy v. McCartee, 31 U. S. (6 Pet.) 102, 8 L. Ed. 334. There are no common-law crimes in the United States as a unit, as recently held by the Supreme Court of the United States. In re Greene (C. C.) 52 Fed. 104. In the various states the common law as recognized is by no means universal. Patterson v. Winn, 30 U. S. (5 Pet.) 233, 8 L. Ed. 108. The term "common law" is used in our statute to distinguish it from criminal actions. It was held in Kirby v. C. & N. W. R. Co. (C. C.) 106 Fed. 551, that within the meaning of the Act of March 31, 1887, c. 373, § 1, 24 Stat. 552, providing that courts of the United States shall have original cognizance of all suits of a civil nature at common law or in equity, the expression "common law" is used to distinguish it from a criminal action. The Supreme Court in Logan v. U. S., 144 U. S. at page 300, 12 Sup. Ct. 629, 36 L. Ed. 429, clearly limits the application of the expression "at common law," used in section 858, supra, when it says:

"By the Judiciary Act of September 24, 1789, c. 20, § 34, it was enacted 'that the laws of the several states, except where the Constitution, treaties, or statutes of the United States shall otherwise require or provide, shall be regarded as rules of decision in trials at common law in the courts of the United States in cases where they apply.' 1 Stat. 92. Although that section stood between two sections clearly applicable to criminal cases, it was adjudged by this court at December term, 1851, upon a certificate of division of opinion of the Circuit Court, directly presenting the question, that the section did not include criminal trials, or leave to the states the power to prescribe and change from time to time the rules of evidence in trials in the courts of the United States for offences against the United States."

This case has not been overruled or modified. The Circuit Court of Appeals for this Circuit, in Cohen v. U. S., 214 Fed. at page 28, 130 C. C. A. 422, say:

"The competency of witnesses in criminal trials in the courts of the United States is not governed by the statute of the state, but by the common law, except where Congress has made specific provisions on the subject."

My attention has been called to the expression of the Supreme Court in Crawford v. U. S., 212 U. S. 183, 29 Sup. Ct. 260, 53 L. Ed. 465, 15 Ann. Cas. 392; but this case, when taken with what is said by the Supreme Court in Logan v. U. S., supra, cannot have any weight upon this issue.

I see no other course than to sustain the objection.