# IN THE FIRST COURT OF APPEALS
## OF THE STATE OF TEXAS IN HARRIS COUNTY

In the Estate of Michael Edward Schied,
*Deceased*

01-1500466-CV

David Schied,
*Interested Party Plaintiff /*
*Principal Co-Heir*

Case No. 434875
*"Judge"* Loyd Wright

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

DEC 2 3 2015

CHRISTOPHER A. PRINE
CLERK

vs

Michael Merritt (named *"executor"*) and Wynde Merritt (*"co-executor"* by proxy)
Janette Renee Smith
Robin Apostolakis
David Munson
*Co-Defendants*

**GRIEVANT DAVID SCHIED'S *"RESPONSE IN OPPOSITION AND DENIAL"***
**TO**
**"JANETTE SMITH'S AND ROBIN APOSTOLAKIS' *'MOTION TO DISMISS'"***
**BASED UPON *CRIMINAL FRAUD* UPON THE LOWER COURT AND THE**
**TEXAS COURT OF APPEALS**
**AND REFUSAL OF EITHER COURT TO PROPERLY RESPOND TO**
**INTERLOCUTORY AND FINAL JUDGMENT APPEALS**
**OR TO EVEN HONOR PREVIOUS NOTICES AND REQUESTS FOR**
**DESIGNATION OF ADDITIONAL ITEM(S) TO BE INCLUDED IN THE OFFICIAL**
**COURT RECORD OR TO CORRECT DOCUMENTED INACCURACIES IN THE**
**TRIAL COURT *"DOCKETING"* RECORDS**

David Schied – *Sui Juris*
P.O. Box 1378
Novi, Michigan 48376
248-347-1684

Jeannette Smith – co-beneficiary
and Robin L. Apostolakis, attorney
Gaunte, Earl, & Binney, LLP
1400 Woodloch Forest Dr., Ste.575
The Woodlands, Texas 77380
281-367-6555

Michael (*named executor*) and
Wynde Merritt (*executor by proxy*)
and David A. Munson
2002 Timberloch Pl., Ste. 200
The Woodlands, Texas 77380
281-210-3467

Jeannette Smith – co-beneficiary
203 McNair St.
Pea Ridge, Arkansas 72751
479-451-8692

Michael Merritt and Wynde Merritt
8526 Hot Springs Dr.
Houston, Texas 77095
281-855-2714
713-430-6286

1

David Schied (hereinafter "*Grievant*"), being one of the People[1] and having established this case as a *suit of the sovereign*[2] acting in his own capacity, herein accepts for value the oaths[3] and bonds of all the officers of this court, including

[1] PEOPLE. "*People are supreme, not the state.*" [*Waring vs. the Mayor of Savannah*, 60 Georgia at 93]; "*The state cannot diminish rights of the people.*" [*Hertado v. California*, 100 US 516]; Preamble to the US and Michigan Constitutions – "*We the people ... do ordain and establish this Constitution...;*" "*...at the Revolution, the sovereignty devolved on the people; and they are truly the sovereigns of the country, but they are sovereigns without subjects...with none to govern but themselves...*" [Chisholm v. Georgia (US) 2 Dall 419, 454, 1 L Ed 440, 455, 2 Dall (1793) pp471-472]: "*The people of this State, as the successors of its former sovereign, are entitled to all the rights which formerly belonged to the King by his prerogative.*" [*Lansing v. Smith*, 4 Wend. 9 (N.Y.) (1829), 21 Am. Dec. 89 10C Const. Law Sec. 298; 18 C Em.Dom. Sec. 3, 228; 37 C Nav.Wat. Sec. 219; Nuls Sec. 167; 48 C Wharves Sec. 3, 7]. See also, *Dred Scott v. Sandford*, 60 U.S. 393 (1856) which states: "*The words 'people of the United States' and 'citizens' are synonymous terms, and mean the same thing. They both describe the political body who, according to our republican institutions, form the sovereignty, and who hold the power and conduct the Government through their representatives. They are what we familiarly call the 'sovereign people', and every citizen is one of this people, and a constituent member of this sovereignty.*"

[2] *McCullock v. Maryland*, 4 Wheat 316, 404, 405, states "*In the United States, Sovereignty resides in the people, who act through the organs established by the Constitution,*" and *Colten v. Kentucky* (1972) 407 U.S. 104, 122, 92 S. Ct. 1953 states; "*The constitutional theory is that we the people are the sovereigns, the state and federal officials only our agents.*" See also, *First Trust Co. v. Smith*, 134 Neb.; 277 SW 762, which states in pertinent part, "*The theory of the American political system is that the ultimate sovereignty is in the people, from whom all legitimate authority springs, and the people collectively, acting through the medium of constitutions, create such governmental agencies, endow them with such powers, and subject them to such limitations as in their wisdom will best promote the common good.*"

[3] OATHS. Article VI: "*This Constitution, and the laws of the United States... shall be the supreme law of the land; **and the judges in every State shall be bound thereby**; anything in the Constitution or laws of any State to the contrary notwithstanding... All executive and judicial officers, both of the United States and*

ii

attorneys. Having already presented his causes of action to this Texas *"Appellate"* Court as a *court of record*[4], *Grievant* herein and hereafter proceeds according to the course of Common Law[5].

Incorporated herein by reference are the Statements and Evidence contained in the previously-filed documents of this case, and all other documents referenced by the pages therein as supporting Evidence.

Notice is provided herein that **I DO NOT CONSENT to the reference of Grievant David Schied as a corporate fiction in ALL CAPS of lettering as** *"plaintiff"* **("DAVID SCHIED, plaintiff"), nor do I consent to the** mischaracterization of *sui juris* Grievant David Schied as operating in a *"pro per"*

---

*of the several States, shall be bound by oath or affirmation to support this Constitution."*

[4] *"A Court of Record is a judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it, and proceeding according to the course of common law, its acts and proceedings being enrolled for a perpetual memorial".* [*Jones v. Jones,* 188 Mo.App. 220, 175 S.W. 227, 229; *Ex parte Gladhill,* 8 Metc. Mass., 171, per Shaw, C.J. See also, *Ledwith v. Rosalsky,* 244 N.Y. 406, 155 N.E. 688, 689].

[5] COMMON LAW. – According to *Black's Law Dictionary* (Abridged Sixth Edition, 1991): *"As distinguished from law created by the enactment of legislatures [admiralty], the common law comprises the body of those principles and rules of action, relating to the government and security of persons and property, which derive their authority solely from usages and customs of immemorial antiquity, or from the judgments and decrees of the courts recognizing, affirming, and enforcing such usages and customs." "[I]n this sense, particularly the ancient unwritten law of England."* [1 Kent, Comm. 492. *State v. Buchanan,* 5 Har. & J. (Md.) 3G5, 9 Am. Dec. 534; *Lux v. Ilaggin,* G9 Cal. 255, 10 Pac. G74; *Western Union Tel. Co. v. Call Pub. Co.,* 21 S.Ct. 561, 181 U.S. 92, 45 L.Ed. 765; *Barry v. Port Jervis,* 72 N.Y.S. 104, 64 App. Div. 268; *U. S. v. Miller.* D.C. Wash., 236 F. 798, 800.]

or "*pro se*" capacity. **Note that all "*summons*" were issued with notice to all co-Defendants that Grievant David Schied is "*sui juris*."**

Notice is also provided herein that **I DO NOT CONSENT** to any court with a proven proclivity toward contributing to the *domestic terrorism* being carried out, hand-in-hand with state and county government imposters, as <u>usurpers</u> of *The People's* power and authority.

1. **DENIED AS GROSSLY MISLEADING** – Appellee Michael Merritt was named as the first of two estate executors by the decedent who died on or around August 7, 2014; and, as the Evidence submitted to the lower court by Grievant/Appellant David Schied ("Grievant") shows, by the time Appellee Michael Merritt had filed for executor and for letters testimony nearly four months later "*on or about October 23rd*" through his attorney, now named "Appellee" David Munson, he had already well-demonstrated his unworthiness for that appointment and a strong propensity toward treating Interested Party Plaintiff and Co-Heir Grievant David Schied with great angst and prejudice.

2. **DENIED AS FRAUD BY GROSS OMISSIONS** – **Grossly *omitted*** from Appellee Apostolakis' filing, submitted under Oath of truthfulness as an "*officer of the court*" is the FACT that the "*numerous filings*" reflected the initial filing of an initial "*Complaint*" (i.e., see "**EXHIBIT #1**" and "**EXHIBIT #4**" containing *proof of service*) that named Appellee Janette Smith and was served upon her known attorney, hired specifically for this case, because of an earlier letter sent from Appellee Apostolakis to Appellant David Schied in claim that the Last Will and Testiment of Decedent Michael Edward Schied was "*invalid*" and "*unenforceable.*" ("**EXHIBIT #2**")

   Notably, the "*relief*" requested was not for money but instead, in the form of a "*Motion to Compel*" the production of documentation to prove the

1

fraudulent claim by Appellee Apostolakis, along with copies of other *documents and valuables that were taken by Appellee Janette Smith taken from* the decedent's home in the immediate aftermath of "*Mickey*" Schied's death. When Appellee failed to "*answer*" the Complaint in a timely manner, Grievant then filed with "*Proof of Service*" his "*Motion for Default Judgment*."

When it soon began clear that the judge's clerk of Probate Court #1 was "*expediting*" a Scheduling Control Order Hearing for December 19, 2014 (12/19/14) at the request of Appellee David Munson, Grievant David Schied filed his "*Motion for Emergency Hearing*..." to address what was then the "*appearance*" that the so-called "*judge*" Loyd Wright was awarding prejudicial favor to Appellees David Munson and Robin Apostolakis because they were attorneys, while exhibiting prejudicial bias against Grievant David Schied because he was an out-of-state "*pro se,*" "*sui juris,*" and/or "*forma pauperis*" litigant not contracted or paying a card-carrying Texas State BAR member as his legal "*representative.*"

Significantly, all of the above *should otherwise* be found in a review of the docketing records of the lower court. This would be the case except for the FACT that the **Clerk of the Court Stan Stanart has been acting with the parallel** *appearance* **of being in on the** *"conspiracy to deprive"* **Grievant of his** *"right to due process"* **by maintaining inaccurate court records with**

2

misleading actual dates of Grievant's filings and Grievant's actual dates of "*service*" upon the co-Appellees; along with Stanart's captioning cases in the docketing records to intentionally mask the actual titles of Grievants documents and keep hidden the exact nature of Grievant Schied's actual filings. (Bold emphasis added)

These covert actions by the Harris County Clerk of the Court has made it necessary for Grievant to repeatedly file additional notices, *motions* and *petitions* to both the lower and higher Texas courts for "*correcting the record*" and adding other documents into the "*record on appeal*" that were not reflected or included in the lower Probate Court record despite Evidence that they were "*served*" by Grievant and received as "*filed*" by both the lower and higher courts. (*See* "**EXHIBIT #3**" for cover pages of some of the formal documents that were received and time-stamped by both the lower probate and higher appellate courts in Texas in Grievant's ill-fated attempt to correct the lower court record.) **Altogether, this Evidence depicts the criminal corruption and the conspiracy to deprive of rights exhibited between the judge, the clerk(s), and the two attorneys (Munson and Apostolakis) involved in the lower and higher court cases.** (Bold emphasis added)

3. **DENIED AS FRAUD BY GROSS OMISSIONS** – The request by Appellees Apostolakis and Smith for the Court "*to take judicial notice of the probate*

3

*court's file*" is a misnomer because, as stated above, both offices of the clerks – of the lower Probate Court #1 and this Texas Court of Appeals in Houston – have ignored Grievant Schied's previous notices that the court's "*file*" and "*docketing*" records transferred to the appellate court are *grossly inaccurate* and in need of *correction.*

Furthermore, Apostolakis **grossly** *omits* **the FACT** that both she and Janette Smith were served with various "*motions*" that they otherwise chose to ignore (except for Janette Smith to attend Grievant's "*emergency motion*" hearing on 12/19/14), prior to the 12/19/14 issuance of the Docket Control Order referenced by Apostolakis. As shown by **"EXHIBIT #4"**), Appellees were served with "*certificates of service*" on the "*Motion for Default Judgment*" and subsequent "*Motion for Emergency Hearing*" when Appellee Janette Smith failed to "*answer*" the initial *Complaint.*

In FACT, as is found in the Evidence of "*Exhibit #4*" attached, both Robin Apostolakis and Janette Smith were fully apprised of each move Grievant was making in the Court in effort so as to ensure that they both knew about the initial "*Complaint...*" filed 11/4/14, the *Motion for Default Judgment...*filed a month later on 12/4/14, and everything else leading up to the "*Emergency Hearing*" on 12/19/14, as found in emails and formal "*Certificate(s) of Service*" about each of those proceedings.

4

Note also that, as shown by the email dialogue between Grievant and the judge's clerks Kimberly Hightower and Susie Rowley found in *"__Exhibit #5,__"* the hearing for the Docket Control Order was combined with Grievant's *"__Motion for Emergency Hearing__..."* because the Probate Court was creating a serious delay in refusing to schedule a summary motion hearing for Grievant's previous filing of *"__Motion for Default Judgment__"*; and because the judge's clerk instead was demonstrating the propensity to give higher priority to Appellee David Munson's informal emails to those court clerks in request for them to *"expedite"* the issuance of that Scheduling Control Order instead.

4. __DENIED AS FRAUD BY GROSS OMISSIONS__ – Apostolakis' has **grossly** *omitted* the **FACT** that both she and Janette Smith were notified and fully aware of the nature of the *"Counter-complaint"* that was filed *"on or about January 14, 2015."* Additionally, Appellees' claim – **that it was *"Appellant"* (David Schied) that was the one to send the *"__Summons and Counter-Complaint and/or Cross-Complaint__"*** to Appellees Robin Apostolakis and Janette Smith – is proven as <u>fraudulent</u> by Grievant's submission of *"__EXHIBIT #5__"* as the *"__Proof of Service__"* sent by *"a legally competent adult who is not a party or an officer of a corporate party"* who *"declare[d] under penalty of perjury"* that she *"ha[d] no interest in the outcome of this case and ha[s] no blood or current marriage relationship to...David Schied"*.

Apostolakis cites Tex.R.Civ.P. 99, 103 and 106 as reason for claiming that she was not properly served *"citation"* by the dereliction of the Clerk of the Court Stan Stanart's failure to provide the Court's own citation upon receipt of Grievant's documentation naming the co-Appellees. Such dereliction – and **the failure of either the judge or the clerk to notify *pro se, sui juris* and/or *forma pauperis* Grievant of possible deficiencies in following all court rules from out-of-state – is insufficient justification to establish as a matter of FACT that these Appellees Apostolakis and Smith were not fully aware of the proceedings against them, which is the underlying basis for the court rules in the first place,** and is proven as a matter of FACT in the Exhibits referenced herein above. **As shown further down in this instant *"Response..."* procedure does not trump *substantive* rights.** (Bold emphasis added)

5. **<u>DENIED AS GROSSLY MISLEADING AND FRAUDULENT</u>** – As is clearly seen in Apostolakis' *"Motion to Dismiss,"* she readily admits what Grievant has made well-known as the basis for this instant *"appeal"* to the Texas Court of Appeals: a) that the lower probate court *"judge"* Loyd Wright failed to honor or even address the precept set by the above-referenced United States Supreme Court case of *"Haines v. Kerner"* case allowing *"less stringent standards"* for litigants without attorneys; and, b) that the Loyd Wright instead

6

simply dismissed Grievant's case summarily without providing constitutional due process and Grievant's constitutional right to a jury trial.

Even more significant as reason for Grievant DENYING this statement of Apostolakis as outright fraudulent is the FACT that **the face of the 4/8/15 _Order Granting Motion for No Evidence Summary Judgment_ of Loyd Wright stated that what was dismissed was Grievant's very first 11/4/14 filing of "_Complaint and Brief in Support of Opposition to Michael Ray Merrit's Application to Probate Will and for Letters Testimony_" and NOT the** 1/14/15 "_Summons and Counter-Complaint and Cross-Complaint_" **that is otherwise falsely claimed to have been summarily dismissed by Wright.** (_without litigation of the merits_) (_See_ "EXHIBIT #6" as a copy of Wright's "_order._") (Bold emphasis added)

6. <u>**DENIED AS FRAUDULENT**</u> -- Attorney Apostolakis **altogether _omitted_ the FACT that** -- just before issuing that _Scheduling Control Order_ that Apostolakis admitted in her motion as having occurred on 12/19/14 -- the Probate Court #1 held an "_emergency hearing_" on 12/19/14 in which the judge Loyd Wright himself admitted that **Appellee Janette Smith was indeed PRESENT in the courtroom** "_but not at th[at] point in time participating._" (_See_ "EXHIBIT #7" as an authenticated transcript of that hearing as submitted by sworn _Affidavit_ of authenticity found on page 10 of "EXHIBIT #8.") Thus,

as explained further in Grievant's "*Brief in Support*...," it has been established – even as it *should be* reflected in the lower court record – that both Janette Smith and Robin Apostolakis were fully aware by 12/19/14 of the contents of the "*complaint*" that was originally filed and served upon them "*in early November 2014.*

7. **DENIED AS FRAUD BY GROSS OMISSIONS WITH THE *INTENT TO DEPRIVE OF SUBSTANTIVE RIGHTS UNDER COLOR OF TEXAS COURT RULES*** – The Evidence shows that, regardless of "*judge*" Loyd Wright's own personal wrongdoing in this situation, the FACT is that Appellees Apostolakis and Smith were clearly aware – at all times – of the claims and the proceedings being brought against them, both times Grievant presented his filings to the lower Probate Court #1, first as a "*Complaint and Objection*..." and the second time as a "*Counter-Complaint and/or Cross-Complaint*..."

Clearly then, Apostolakis is using *color of* court *rules* to administratively undermine the **substantial** rights of Grievant to the ***judicial litigation of the merits*** of his claims against the Appellees in this case. As explained more fully in his "*Memorandum of Law in Support*...," ("**EXHIBIT #9**") this is a violation of the Separation of Powers guaranteed by the Constitution of the United States. It is also a federal violation of the Rules Enabling Act as also addressed in detail in the attached "*Exhibit #9*".

8. **DENIED AS BLATANTLY FRAUDULENT** – Clearly, Appellee Apostolakis expects the Texas Court of Appeals judges to rule upon her <u>bare assertions</u>, her <u>conclusory statements</u>, and her <u>fraudulent claims</u> without even taking judicial notice, much less considering the actual Evidence provided by Grievant, in similar fashion to what she and her cohort Appellee David Munson schemed to architect in the lower probate court to ***criminally deprive Grievant of his rights under color law***. (Bold emphasis added)

As shown by the documents contained in **"EXHIBIT #10,"** <u>Grievant had notified all parties to this case, as well as BOTH the lower *"probate"* and the higher *"appellate"* court that</u>:

a) There was an appeal of Loyd Wright's ruling (*"Exhibit #6"*) initiated on 4/30/15 when Grievant *served* the co-Defendant/Appellees, and for which the lower Harris County Clerk Stan Stanart acknowledged as having been *filed* on 5/12/15 along with Grievant's *"Request for Designation of Additional Items to Be Included in the Official Court Record"* and Grievant's accompanying *"Notice of Inaccuracies in the Trial Court Docketing Record in Need to Correct Dates of 'Filing' and Document Captions."*

b) On 6/11/15, the Clerk of the Court for the Court of Appeals, First District (Christopher Prine) sent notice to Grievant David Schied acknowledging that the *"case was filed in this [higher] court on 5/20/15"*.

9

c) On 6/12/15, Grievant served his "*Brief of Appeal of Harris County Probate Case With Evidence of Deprivation of Rights to Due Process Under Color of Aaw, and Denial of Equal Treatment by Judge Loyd Wright of Ligitant Without an Attorney*" and that the Texas Court of Appeals clerk Christopher Prine acknowledged receipt by time-stamped Evidence of that filing on 6/15/15.

Similarly, **Appellee Apostolakis' claim that** *"[Grievant] has failed to pay the appellate fees or submit proper proof establishing indigence"* **is blatantly and criminally underline fraudulent on its face.** As shown by **"EXHIBIT #11,"** which is time-stamped as also received on 5/12/15 along with the original "*Notice of Appeal*" (see reference to "*Exhibit #10*" above), Grievant had clearly filed his "*Affidavit of Indigence and Statement of Inability to Pay Court Costs and Fees on Appeal of Probate Court Ruling*" which included an accompanying "*Affidavit*" (see "*Exhibit #3*" for the time-stamped copies of the cover pages for these two documents) that was sworn and signed and even labeled as a subsequent "*exhibit*" in Grievant's "*Brief on Appeal...*" received by the Texas Court of Appeals and time-stamped on 6/15/15.

Also noted as a matter of significant FACT is that the Texas Code of Appellate Procedures, Rule 20.1(a)(2) maintains that "*establishing indigence*" is "*by Affidavit;*" and "*A party that cannot pay the costs in appellate court may*"

*proceed without advanced payment of costs if: a) the party files an Affidavit of*

*Indigence..."*

Clearly, Appellees Apostolakis and Smith have provided nothing except *bare FRAUDULENT assertions* in their claim against Grievant's *"Affidavit of Indigence..."* and *"Affidavit"* that were clearly time-stamped (see again, *"Exhibit #3"*) by the lower court before being then also provided to the higher appellate court; which was afterward *"confirmed"* as a matter of official Court of Appeals' record on 6/15/15. This is shown in **"EXHIBIT #12"** as a printout of the Court of Appeals docketing record that was found just after speaking with Christopher Prine on the phone as reflected in the transcript of that conversation shown in **"EXHIBIT #13"** as supported by Grievant's *"Affidavit of Truth Authenticating Accuracy of Audio Transcript, Crime Report, and Other Documents Proving 'Domestic Terrorism'"* and supporting sworn and notarized *"Affidavit of Truth Authenticating Accuracy of Audio Transcript, Crime Report, and Other Documents Proving 'Domestic Terrorism' Being Carried Out Throughout the Court System Operating in the State of Texas."* (See also *"Exhibit #13"*)

9. **DENIED AS GROSSLY MISLEADING AND IRRELEVANT** – The ONLY two *"exhibits"* that Appellee Apostolakis could possibly find to support her complete fraudulence upon this Texas Court of Appeals happens to be two rulings in which Grievant has for the past twelve (15) full years been battling

11

because of *domestic terrorist* activity occurring in Southeast Michigan and with the Sixth Circuit Court of Appeals judges turning their heads in denial of the FACTS as they have been fully outlined in this instant Texas Court of Appeals case in the *"Affidavit"* received in the lower court and provided again to this higher Court as *"Exhibit B"* of Grievant's filing of *"'Petition in Motion and Affidavit of Notice of Incorrect Record' and Need to Correct by Addition of Names David Munson and Robin Apostolakis as Co-Appellees"*.

**The above-referenced filings are documents, as shown in the telephone conversation of *"Exhibit #13"* that has, thus far, gone completely ignored by the Texas Court of Appeals judges, despite that it was time-stamped and made a part of the instant COA record as shown in *"Exhibit #12"*.** (Bold emphasis added)

As shown in Evidence, it is clear that the underlying source of Appellees' *"exhibits A and B"* has been the FRAUDULENT issuance by the Harris County Court of an *"Early Termination Order Dismissing the Cause"* which, in 1979 was MISREPRESENTED to Grievant – by the (now deceased) Judge Joseph Guarino – to mean that as a matter of law, Grievant had received a *"clean slate"* and a *"second chance"* at constructive citizenship by *"withdrawal of plea,"* by *"dismissal of indictment,"* and by *"set aside of judgment"* in 1979. (*See* **"EXHIBIT #15" as a certified copy of that 1979 document.**)

12

As is explained more fully in Grievant's "*Brief in Support of Response in Opposition....*," Appellees' "*exhibits A and B*" are thus FRAUDULENT on their face for the simple FACT that they each establish and claim of a Texas criminal "*conviction*" where none *exists* (i.e., see "EXHIBIT #15"); and, in fact, such a *final disposition* NEVER existed (since *probation* is NOT a *final disposition*). On the other hand, both "*exhibits A and B*" are FRAUDULENT because they significantly contain *gross omissions of fact* that numerous patterns of crimes have been committed against Grievant stemming from – as explained in the accompanying "*Brief in Support of Response in Opposition...*" – erroneous documents produced by the State of Texas.

As Appellees' "*exhibits A and B*" demonstrate just two of the fraudulent rulings that fail to address the crimes presented on the merits of Earl Hocquard's two sworn and notarized Affidavits (found as "EXHIBIT #16" and "EXHIBIT #17"), Grievant has documented the underlying methodology of these crimes against Grievant Schied by the State BAR of Michigan attorneys, the regulatory agency of the Michigan Supreme Court's "*Judicial Tenure Commission*" and the "*Attorney Grievance Commission*," as well as state and United States judges altogether disregarding these FACTS and EVIDENCE.

Importantly these actions to deprive Grievant of his rights, his career, his savings, his integrity, and the "*clear slate*" promised to him by the late Harris

13

County judge Joseph Guarino, reflect the TRUTH of a <u>non-judicial</u> environment in Michigan where these crimes have been freely occurring in treasonous *pattern and practice* against Grievant.

10. <u>**DENIED AS GROSSLY MISLEADING AND IRRELEVANT**</u> – The Evidence in the Lower Court Record demonstrates that there is a *<u>pattern and practice</u>* going on here in which "*judge*" Loyd Wright has chosen to "*dismiss*" Grievant's original "*<u>Complaint</u>*" while disregarding the proverbial "*elephant in the room*" of Grievant's subsequent filing of "*<u>Counter-Complaint and/or Cross-Complaint</u>*" – by which both sets of documents and supporting Exhibits were clearly "*served*" upon the co-Appellees.

In the first "*<u>Complaint</u>*" the Appellees were listed first as Michael Merritt, Wynde Merritt and Janette Smith; however, after the 12/19/14 "*emergency hearing*" – as shown by the *certified* transcript of that hearing ("*<u>Exhibit #7</u>*" attached herein) whereby Loyd Wright treated the "*<u>Complaint</u>*" as a matter of record as a mere "*objection*" requiring Grievant to refile and re-serve the Appellees again as a *<u>Counter-Complaint and/or Cross-Complaint</u>*" – Grievant clearly ADDED AND SERVED Robin Apostolakis and David Munson along with the others (with "*service of process*" this second time through a disinterested and unrelated 3rd party) with a plethora of documents that would ensure that they all

would become well-acquainted with the FACT that they ALL had been named as co-Defendants now "*Appellees*" in this instant case.

In answer to the remaining *fraudulent* claims of Appellee Apostolakis in this paragraph 9, Grievant incorporates by reference the entirety of his "*answer*" as stated immediately above addressing Appellees' paragraph 9, as if written herein verbatim.

## CONCLUSION

WHEREAS, the *exhibits* of Evidence cited above and included as attached references constitute overwhelming Evidence that Grievant has the right NOT to be *dismissed* again *under color of law*, lest criminal allegations be levied against others who, like Loyd Wright, have disregarded and refused to "*litigate the merits*" of Grievant's *Statements* in *Affidavits* supported by such *Evidence*.

Moreover, the Evidence provided herein is sufficient to demonstrate to the judge(s) in review of this motion "*Response...*" and its accompanying "*Brief in Support of Response...*" that the Texas court's "*Early Termination Order Dismissing the Cause*" of 1979 and subsequent "*Agreed Order of Expunction*" a quarter-century later in 2004, have been repeatedly, intentionally, and criminally defied for over a decade by certain *domestic terrorists* presenting themselves as *treasonous* Michigan government "*actors*" who have been tortuously turning a blind eye to the public dissemination of those Texas court orders.

15

It is noted that the Evidence provided herein, along with the testimony presented in the Affidavits as explained further in this instant filing, altogether encumber the Texas Court of Appeals to report these interstate crimes to the proper federal authorities as Grievant Schied now is doing with his submission of "**EXHIBIT #19**" as a formal CRIME REPORT to the Harris County Prosecutor. This crime report will be also provided to the Texas and Michigan offices of the FBI and to the U.S. Marshalls in both states. As such, the judges in review of this information – if they fail to report these crimes to the proper authorities – become subject to federal criminal prosecution under 18 U.S.C. §4 ("*Misprision of Felony*"), while also losing their judicial immunity. Grievant David Schied implores those in operation of this instant Court of Appeals then to simply *do the right thing* to prevent further criminal victimization of Grievant, as required under the Texas Constitution (Art. I, §30) to take proper action to protect Grievant from further victimization by *the accused*.

Respectfully submitted,

_____ (all rights reserved)     12/18/15

## <u>SWORN DECLARATION OF TRUTH</u>

I declare under penalty of perjury that the forgoing is true to the best of my knowledge and belief. If requested, I will swear in testimony to the accuracy of the above if requested by a competent court of law and of record.

Respectfully submitted,

David Schied
P.O. Box 1378
Novi, Michigan 48376
248-974-7703

(all rights reserved)

David Schied

Dated: 12/18/15

17